MARTIN L. SHEELEY, plaintiff in error, *vs.* MARTHA FUN-DERBURK, defendant in error.

Where a laborer who claims a lien on the property of his employer, under the Act of 1869, undertakes to foreclose it according to the provisions of section 1969 of the Code, he must aver in his affidavit demand for payment of the sum due on his employer, and refusal by the latter to pay. It is not sufficient to aver in general terms that defendant refuses to pay.

Laborer's lien. Demand. Before Judge CLARKE. Macon Superior Court. December Term, 1871.

Martha Funderburk foreclosed a laborer's lien against Martin L. Sheely, upon the following affidavit: "That Martin L. Sheely is indebted to deponent in the sum of $235 00, due for the work and labor of herself and three children upon the farm and in the crop of said Sheely; that the same is due and unpaid, and the said Sheely refuses to pay the same, wherefore, she prays judgment in accordance with the law giving laborers a lien for their wages and work."

The defendant filed a counter-affidavit, which it is unnecessary here to set forth. Upon the trial, the jury returned a verdict for the plaintiff for $123 53.

The defendant moved for a new trial, upon the following, among other grounds:

"That the Court erred in ruling that, under the 1969th section of Irwin's Revised Code, it was not necessary that there should be a demand and refusal to pay on part of defendant, and that it was not necessary to aver in the affidavit of foreclosure that a demand had been made by plaintiff on

defendant for payment, and that the same had been refused by defendant."

The motion for a new trial was overruled by the Court and plaintiff in error excepted, and assigns said ruling as error.

JOHN R. WORRILL ; JAMES E. SCHOFIELD, for plaintiff in error.

PHIL. COOK, represented by B. P. HOLLIS, for defendant.

MONTGOMERY, Judge.

The plaintiff in error employed the defendant in error and her children as laborers upon his farm for the year 1870. In the autumn of that year, before the expiration of the time of service, he discharged her, as she testifies, and as the jury must have found. Whereupon, she sued out an execution against him, under section 1969 of the Code. He filed his counter-affidavit, and the sheriff returned the case to the Superior Court. When the case was called, plaintiff in error moved to dismiss the case and set aside the order, on the ground that plaintiff, in her affidavit for foreclosure, had not averred demand for payment upon the defendant, as required by section 1969. The Court overruled his motion and he excepted. The case went to trial and the verdict was for the defendant in error, the plaintiff below. Other exceptions were taken, which it is unnecessary to notice. In accordance with the uniform rulings of this Court, holding that in these summary remedies, the requirements of the statute must be strictly complied with, we feel compelled to reverse the judgment of the Court below.